IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD LAIRD, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-3429 |
| | : | |
| J. TERRA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANTS TERRA, WYNDER AND HENSLEY WITH AFFIRMATIVE DEFENSES TO [SECOND] AMENDED COMPLAINT

Defendants J. Terra, Wynder, and Hensley (collectively, the "Answering Defendants"), hereby answer, through their undersigned counsel[1], plaintiff Richard Laird's second Amended Complaint (ECF No. 33), as follows:

1.  Denied. The Court's Order of January 31, 2024 is a written document; Plaintiff's characterization of same is denied. Any allegation that Plaintiff's prior amended complaint (ECF No. 25) remains operative in this matter is denied as a conclusion of law to which no response is required. To the extent a portion of this paragraph is deemed factual in nature, it is denied that the Answering Defendants were personally involved in the placement of Plaintiff into what he calls "solitary confinement" or onto modified movement restrictions at SCI Phoenix.

The remaining averments of the Amended Complaint, with the exception of one paragraph on page 3 and one paragraph on page 4, which are answered below, do not comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b) because they do not contain a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief" and do not set forth his

---

[1] To the best of counsel's knowledge, information and belief, the defendants identified by Plaintiff as "All Program Review Committee Members" have neither been identified nor served.

1

claims in separately numbered paragraphs, respectively. *See* Fed. R. Civ. P. 8(a)(2), 10(b). In light of Plaintiff's failure to comply with the above Rules of Court, Answering Defendants respond herein to the best of their abilities.

Many of Plaintiff's unnumbered statements appear to be in the nature of legal conclusions, to which no response is required, or background information concerning his alleged 30+ year stay in so-called solitary confinement, and do not appear to be directed against the Answering Defendants.

Subject to and without waiver of the foregoing, any allegation that any of the Answering Defendants ever placed Plaintiff into "solitary confinement" is denied. It is admitted *only* that none of the Answering Defendants issued a misconduct against Plaintiff during the 229-day time period apparently at issue in the Amended Complaint.

After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff "suffered muscle mass/weight loss," whether his showers were dirty/infested, or whether Plaintiff "suffered severe depression, anxiety beyond description (shortness of breath to hyperventilation), stress, as well as suicidal thoughts on too many occasions to [c]ount." Upon information and belief, Plaintiff's diagnoses are set forth in medical records, which are written documents; any allegation inconsistent therewith is denied.

To the extent a response to Plaintiff's remaining unnumbered averments is required, they are generally denied as to the Answering Defendants pursuant to Fed. R. Civ. P. 8(b)(3).

2.      Admitted in part, denied in part. It is admitted only that Plaintiff is not an attorney and that Answering Defendants are represented by the PA Office of Attorney General. The

remaining averments of this paragraph constitute conclusions of law to which no response is required.

3. Denied. By way of further answer, although it is admitted that Plaintiff was not issued a misconduct during the 229-day time period apparently at issue in the Amended Complaint, it is denied that Plaintiff was never issued a misconduct during the 30+ years at issue in this paragraph. Any allegation that any of the Answering Defendants ever placed Plaintiff into "solitary confinement" is denied. The remainder of this paragraph constitutes a conclusion of law to which no response is required; to the extent a portion thereof is deemed factual in nature, it is denied as to the Answering Defendants.

With the exception of section headings, the remainder of the Amended Complaint is unnumbered and contains multiple conclusions of law, to which no response is required. To the extent a portion of Plaintiff's remaining unnumbered Amended Complaint is deemed factual in nature and a response thereto is required, all such allegations are generally denied as to the Answering Defendants pursuant to Fed. R. Civ. P. 8(b)(3).

It is denied that Plaintiff is entitled to the relief requested on page 40 of the Amended Complaint, or to any relief whatsoever as a result of any of Answering Defendants' alleged actions or non-actions.

WHEREFORE, Defendants J. Terra, Wynder, and Hensley respectfully request that Plaintiff's second Amended Complaint be dismissed and that judgment be entered in their favor.

## AFFIRMATIVE DEFENSES

Answering Defendants, J. Terra, Wynder, and Hensley, individually and collectively, hereby aver as follows:

### FIRST AFFIRMATIVE DEFENSE

Answering Defendants, individually and collectively, have qualified immunity from some or all of Plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

At all material times, Answering Defendants' actions or non-actions were taken for legitimate penological reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for acts or omissions predating the applicable statute of limitations, any and all such claims are barred.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE**, Defendants J. Terra, Wynder, and Hensley respectfully request that Plaintiff's second Amended Complaint be dismissed and that judgment be entered in their favor.

          Respectfully submitted,

          MICHELLE A. HENRY
          Attorney General

Date: March 26, 2024      By:  */s/ Matthew Skolnik*

          Matthew Skolnik
Office of Attorney General      Senior Deputy Attorney General
1600 Arch Street, Suite 300      Attorney I.D. No. 89423
Philadelphia, PA 19103
Phone: (215) 560-2136      Karen M. Romano
Fax:    (717) 772-4526      Chief Deputy Attorney General
mskolnik@attorneygeneral.gov      Civil Litigation Section

          *Counsel for Defendants*
          *Terra, Wynder and Hensley*

6

**CERTIFICATE OF SERVICE**

    I, Matthew Skolnik, hereby certify that the foregoing Answer of Defendants Terra, Wynder and Hensley with Affirmative Defenses to Amended Complaint has been filed electronically on March 26, 2024, is available for viewing and downloading from the Court's Electronic Case Filing system, and is being served upon the following Plaintiff via U.S. Mail:

    Smart Communications/PADOC
    **Richard Laird, AT-0811**
    SCI Somerset
    PO Box 33028
    St. Petersburg, FL 33733

Date: March 26, 2024        By:    */s/ Matthew Skolnik*

                                          Matthew Skolnik
                                          Senior Deputy Attorney General