IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD LAIRD, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-3429 |
| | : | |
| J. TERRA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### REPORT OF RULE 26(f) MEETING

Under Federal Rule of Civil Procedure 26(f), this Court's March 16, 2023 Order, and this Court's Policies and Procedures, counsel for Defendants J. Terra, Wynder, and Hensley (hereafter "Commonwealth Defendants") conferred with *pro se* Plaintiff Richard Laird via telephone on April 4, 2024 and, based on that discussion, has completed the following Report of the meeting for the Court's consideration at the initial pretrial conference on March 7, 2024:

**1. Discussion of Specific Claims, Defenses, and Relevant Issues**

a.  <u>Plaintiff's claims</u>:  Plaintiff alleges violations of the Eighth and Fourteenth Amendments of the U.S. Constitution due to his transfer from the Capital Case Unit into the RHU at SCI Phoenix, without a misconduct, indefinitely starting on August 8, 2022 and lasting 229 days. Plaintiff alleges that his conditions of confinement in the RHU amounted to solitary confinement/torture. Plaintiff was told by Defendants he would remain on the RHU indefinitely. When Plaintiff asked what they meant by "indefinitely," they said it meant "forever." After 229 days, Plaintiff was released from the RHU back into his General Population unit and placed under "modified movement" restrictions – which lasted until his transfer to SCI Somerset on or about January 17, 2024. Plaintiff incorporates his Amended Complaint by reference as if set fully herein.

b. <u>Defendants' defenses</u>:

Commonwealth Defendants deny Plaintiff's allegations that his placement into the RHU constituted "solitary confinement" or "torture" and his allegation that there were not legitimate penological reasons – namely, threats to Plaintiff's safety – justifying the RHU placement. Plaintiff's RHU placement was reviewed by the facility's Program Review Committee (PRC), on a periodic and ongoing basis, which complies with due process requirements as a matter of law. Moreover, Plaintiff's administrative custody was reasonably upheld when reviewed.

In addition, or in the alternative (depending on the evidentiary record), Defendants are entitled to qualified immunity because, among other reasons, there is no clearly established right for an inmate to be housed in general population where the facility has legitimate penological reasons for administrative custody which is reviewed on a periodic and/or ongoing basis.

Plaintiff's conditions of confinement claims are insufficient. By way of example only, dirty conditions in prison showers do not establish an Eighth Amendment claim. Discovery concerning the three individual defendants' personal knowledge/involvement with such conditions (if they existed) will be necessary.

2. **Stipulated Facts**[1]

   a. From June/July of 2020 until January of 2024, Plaintiff was housed at the State Correctional Institution (SCI) at Phoenix.

   b. Plaintiff is currently incarcerated at SCI Somerset.

   c. Plaintiff was placed into the Restricted Housing Unit at SCI Phoenix on Aug. 8, 2022.

   d. On or about March 24, 2023, Plaintiff was returned to the Capital Case Unit.

---

[1] While the parties discussed and agreed to each of these stipulations by telephone, Plaintiff did not have the opportunity to review the final written product set forth in this section before filing.

    e.   Plaintiff filed grievances concerning his cell assignment into the RHU and the alleged modified movement restrictions.

(This section also requires disclosure of insurance and coverage and deductibles. The Commonwealth is self-insured.)

3. **Informal Disclosures**

As discussed during the 26(f) conference, undersigned counsel will provide Plaintiff with Commonwealth Defendants' initial Rule 26(e) disclosures within 21 days of the Court's Rule 16 Conference.

4. **Additional Disclosures:**

Not applicable.

5. **Formal Discovery**

The parties collectively request 120 days for the completion of discovery. Plaintiff anticipates serving written discovery requests shortly. Commonwealth Defendants will thereafter move for leave, per Fed. R. Civ. P. 30(a)(2)(B), to depose the incarcerated Plaintiff or, in lieu of a motion, respectfully request that the Court's scheduling order include a provision granting leave to depose Plaintiff. No further depositions are currently anticipated, although that could change depending upon Plaintiff's testimony at his deposition or other discovery. In addition, Plaintiff stated on the parties' conference that he may soon have counsel enter an appearance, which may expand the scope of discovery.

6. **Electronic Discovery**

The Commonwealth Defendants do not conduct inmate-related business via email and do no anticipate any issues with electronic discovery. Upon the undersigned counsel's information and belief, Plaintiff has no electronically stored information.

7. **Expert Witness Disclosures**

Plaintiff and Defendants do not plan, as of this date, to utilize expert witnesses.

**8. Settlement or Resolution**

Commonwealth Defendants, through the undersigned counsel, have received Plaintiff's settlement demand and do not believe it warrants a settlement offer.

**9. Trial**

Defense counsel has a two-week trial attachment beginning June 24, 2024 and irreversible conflicts between August 19-30, 2024, as well as September 9-10 and October 3-4, 2024.  Defendants believe a trial length of two to three days should be sufficient, but Plaintiff requests a minimum of three days and anticipates 15 to 20 trial witnesses.

**10. Referral to Magistrate Judge**

The parties have not consented to Magistrate Judge jurisdiction, with the possible exception of a settlement conference after the close of discovery.

**11. Other Matters**

None known at this time.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

Date: April 9, 2024

By: */s/ Matthew Skolnik*

Matthew Skolnik
Senior Deputy Attorney General
Attorney I.D. No. 89423

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2136
mskolnik@attorneygeneral.gov

Nicole R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants*
*J. Terra, Wynder, and Hensley*

## CERTIFICATE OF SERVICE

    I, Matthew Skolnik, hereby certify that the foregoing Report of Rule 26(f) Meeting has been filed electronically on April 9, 2024, is available for viewing and downloading from the Court's Electronic Case Filing system by all counsel of record, and is being served upon the following Plaintiff via U.S. Mail:

> Smart Communications/PA DOC
> **Richard Laird, AT-0811**
> SCI Somerset
> PO Box 33028
> St. Petersburg, FL 33733

Date: April 9, 2024      By:   */s/ Matthew Skolnik*

                                                   Matthew Skolnik
                                                 Senior Deputy Attorney General