# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD LAIRD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 23-3429** |
| | : | |
| **J. TERRA, WYNDER, HENSLEY, ALL PROGRAM REVIEW COMMITTEE MEMBERS AT SCI PHOENIX, DR LAUREL HARDY** | : : : : | |

## ORDER

**AND NOW**, this 15th day of April 2024, following our March 28, 2024 Order (ECF No. 37) beginning discovery and today's telephonic Initial Pretrial Conference, it is **ORDERED** the parties are attached for a three-day jury trial beginning **November 6, 2024** and shall proceed consistent with Fed. R. Civ. P. 1 to resolve this dispute:

1.   Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies"), Default Order on Electronic Discovery, and Protocols for Remote Video Proceedings found at www.paed.uscourts.gov.

2.   All motions to further amend the pleadings and to join or add additional parties shall be filed by **June 21, 2024.**

3.   All fact and expert discovery shall be served, noticed, and completed by **July 31, 2024** and we expect written discovery to be promptly completed and deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition.[1]

---

[1] We grant extended discovery and a trial date for an extended time mindful of the Plaintiff's present incarceration in Western Pennsylvania (with possible mail delays) and to afford potential counsel from our Volunteer Panel an opportunity to obtain discovery and prepare for dispositive

4. The parties shall produce their list of witnesses and last known contact information and documents or grievances in their possession by no **later** than **June 5, 2024.**

5. The parties may defer producing or responding to discovery requests until **June 14, 2024.**

6. We grant Defendants leave to depose the incarcerated Plaintiff in his correctional facility compliant with Federal Rule 30(a)(2) by no later than **July 24, 2024**

7. Plaintiff shall serve a detailed written demand upon all parties claimed to be responsible for any claim of relief no later than **June 6, 2024**. All responding parties shall provide a detailed written response on or before **June 14, 2024**.

8. The parties do not expect to adduce an expert opinion; to the extent they change their position, each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **June 25, 2024**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **July 24, 2024**. Expert depositions, if any, shall be concluded no later than **July 31, 2024**.

9. Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

---

motions and potential trial. The parties may agree to extend this *discovery* deadline *without extending any other deadline* without seeking leave.

10. Summary judgment and F.R.E. 702 motions, if any, shall be filed no later than **August 8, 2024**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **August 28, 2024** (mindful of mail delays to the Plaintiff). Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The

appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

       (f)    Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

       (g)    Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

11. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

12. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

13. No later than **October 16, 2024**, each party shall file a pretrial memorandum compliant with our Policies.

14. No later than **October 10, 2024**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

15. All motions affecting trial presentations (e.g., *in limine*), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the exhibits and highlighted designations to Chambers) shall be filed on or before **October 16, 2024**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **October 30, 2024**.

16. We will arrange with Plaintiff's facility (or volunteer counsel) for a final telephonic pretrial conference as early as possible in the morning of **November 4, 2024** (absent amending this obligation based on the Facility's schedule).

17. Counsel is attached for jury selection followed by a three-day trial beginning on **November 6, 2024** at **9:00 A.M.** in Courtroom 6-B.

_____
**KEARNEY, J.**