IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD LAIRD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 23-3429** |
| | : | |
| **J. TERRA** *et al.* | : | |

# ORDER

**AND NOW**, this 4th day of November 2024, upon considering Defendants' Motion for partial reconsideration (ECF 71) seeking we modify limited language in our October 11, 2024 Memorandum (ECF 59) and reconsider modifying or partially vacating our Order (ECF 60) if warranted, finding our October 11, 2024 Order (ECF 60) is not in error nor have Defendants offered an intervening change in the Law or new evidence, but finding good cause to modify certain language in Section I of our Memorandum (ECF 59) to reflect the parties' genuine dispute of certain statements of material facts (not clear from the parties' summary judgment briefing) and Defendants' Motion further confirming genuine issues of material fact precluding summary judgment, it is **ORDERED** Defendants' Motion (ECF 71) is **DENIED as stated** as we find no grounds to reconsider our October 11, 2024 Order (ECF 60), but to avoid manifest injustice we **clarify** the "undisputed" fact recitation in our Memorandum (ECF 59) to confirm the parties' genuine disputes of material fact including concerning whether (1) "White Phoenix was a fraternal organization of white, like-minded individuals who worked together to ensure the safety, security, and comfort of its members" or a White Supremacist group, and (2) "Facility staff allowed Mr. Laird to shower three times a week in flea-infested sewer water."[1]

_____
**KEARNEY, J.**

---

[1] A motion for reconsideration may only be granted where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Burns v. Stratos*, 833 F. App'x 509, 513 n.5 (3d Cir. 2020) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).